Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 846 | **DATE** | 2/26/2001 |
| **CASE TITLE** | USA ex rel. Michael Perkins vs. Kenneth R. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Perkins' Application to proceed in forma pauperis is granted. (3-1) This Court summarily dismisses the Petition without prejudice to its possible renewal if Perkins were hereafter to obtain leave to file from the Court of Appeals.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 6 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/26/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
MICHAEL PERKINS #N-21159,          )
                                   )
                Petitioner,        )
                                   )
     v.                            )   No. 01 C 846
                                   )
KENNETH R. BRILEY,                 )
                                   )
                Respondent.        )

## MEMORANDUM OPINION AND ORDER

State prisoner Michael Perkins ("Perkins") has filed a self-prepared Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. §2254.[1] Perkins challenges his multiple convictions for robbery on multiple grounds, asserting that the police brutalized him, that his trial counsel was ineffective, that there was no proof he had confessed and that there was no evidence that he was armed at the time of the offense.

At the outset this Court grants Perkins' Application To Proceed In Forma Pauperis ("Application"). Despite the modest $5 filing fee required in habeas cases, which almost invariably calls for the denial of such applications, here Perkins' Application includes a statement from the appropriate official at Stateville Correctional Center (where Perkins is now in custody) that reflects a large negative balance in Perkins' inmate trust fund account (a deficit of $470.26 as of January 23, 2001, and an

---

[1] All further references to Title 28's provisions will simply take the form "Section--."



average of $446.05 in the red for the preceding six months). That situation calls for this Court to excuse payment of the filing fee.

But that gets Perkins to the federal courthouse door only long enough for it to slam shut on him immediately. Section 2244(b)(3)(A) expressly requires a habeas petitioner such as Perkins to obtain authorization from the Court of Appeals before this District Court can consider a "second or successive application." In this instance Perkins had filed an earlier Petition (Perkins v. Page, No. 98 C 5453) that was denied by this Court's colleague Honorable Ruben Castillo on the merits on February 25, 1999--and thereafter our Court of Appeals upheld that determination by denying Perkins' request for a certificate of appealability.

That prior history of course renders Perkins' current effort a "second or successive application." And because Perkins makes no showing that he has either sought or obtained the required prior leave from the Court of Appeals, this Court is without jurisdiction to entertain the current Section 2254 Petition (see, among the earliest of the numerous cases so holding, Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)).

Accordingly this Court summarily dismisses the Petition without prejudice to its possible renewal if Perkins were hereafter to obtain leave to file from the Court of Appeals. To

assist Perkins if he chooses to attempt to do so (a subject on which it should be emphasized that this Court expresses no view), this opinion is accompanied by a copy of Circuit Rule 22.2, which explains the procedure for seeking such leave from the Court of Appeals.

                                                                         _____
                                                                         Milton I. Shadur
                                                                         Senior United States District Judge

Date:    February 26, 2001

3

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. § 2244(b) or the final paragraph of 28 U.S.C. § 2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

> (1) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:
>
>> (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or
>>
>> (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the crime, had there been no constitutional error.
>
> (2) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.
>
> (3) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.
>
> (4) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.